IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Theresa Ann Shupe,  )
           Plaintiff,  )
   vs.  )   Civil Action No. 15-10 (Erie)
Carolyn W. Colvin,  )
Acting Commissioner of Social Security,  )
           Defendant.  )

AMBROSE, Senior U.S. District Judge

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending is Defendant's Motion to Dismiss Plaintiff's Complaint and Brief in Support. (ECF No. 5, 6). Plaintiff opposes Defendant's Motion. (ECF No. 8, 9). The Motion is denied.

Plaintiff commenced this social security action on January 12, 2015, by filing a Motion for Leave to Proceed in forma pauperis. (ECF No. 1). Plaintiff's Motion was granted on January 14, 2015, and her Complaint was filed on that same date. (ECF No. 2). Plaintiff's Complaint seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Social Security Administration's denial of her February 14, 2011 applications for disability insurance benefits (DIB) under Title II of the Social Security Act ("Act") and supplemental security income (SSI) under Title XVI of the Act. Id.

Defendant moves to dismiss Plaintiff's Complaint on the grounds that it was untimely filed. (ECF No. 5, 6). Defendant notes that 42 U.S.C. § 405(g) states that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, <u>may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner will allow</u>.

1

42 U.S.C § 405(g) (emphasis added).  Applicable social security regulations further provide that "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council <u>shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary</u>."  20 C.F.R. § 422.210(c) (emphasis added); <u>see also</u> ECF No. 11 at 2-3 (Hartt Decl. ¶ 2).  The Appeals Council in this case denied Plaintiff's request for review of the ALJ's decision by letter dated November 5, 2014.[1]  (ECF No. 11, Ex. 2).  Defendant argues that, adding 5 additional days for mailing, Plaintiff was required to commence a civil action by January 9, 2015.  Because she did not commence this action until January 12, 2015, her claim is untimely and must be dismissed. (ECF No. 6, at 3).

      This argument is without merit.  Although the Notice of Appeals Council Action is dated November 5, 2014, Plaintiff has filed an Affidavit attaching a copy of the postmarked envelope from the Appeals Council showing that the Notice was not mailed until November 10, 2014 – 5 days later.  <u>See</u> ECF No. 10 at 2 (copy of envelope showing 11/10/14 postmark).  Plaintiff's counsel avers and has attached documentation indicating that he received the notice on November 13, 2014.  (ECF No. 10).  The fact that the notice was not even postmarked until 5 days after it was dated more than reasonably shows that Plaintiff did not receive the Appeals Council denial within 5 days of the date of the notice.  There also is no reason to doubt Plaintiff's counsel's averment that he received the notice on November 13, 2014 – well within 5 days of the postmark date.  Sixty days from November 13, 2014 was January 12, 2015, the date Plaintiff commenced the instant action.   For these reasons, Plaintiff's action is not untimely and should not be dismissed on untimeliness grounds.

---

[1] The Appeals Council Notice itself similarly states that the 60 days to file a civil action "start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  (ECF No. 11, Ex. B at 3).

AND NOW, this 9th day of April, 2015, for the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 5) is DENIED. IT IS FURTHER ORDERED that Defendant's Answer to Plaintiff's Complaint is due by April 23, 2015.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court

DATE: April 9, 2015